IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTIAN C. IBEAGWA,

                          OPINION and ORDER

        Plaintiff,

                          15-cv-289-bbc

    v.

UNITED STATES OF AMERICA,

        Defendant.[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Christian Ibeagwa filed this lawsuit to challenge a $5000 penalty assessed by the Internal Revenue Service for filing a frivolous tax return. Dkt. #1. Plaintiff alleges that he has met the preconditions for seeking a refund in 26 U.S.C. §§ 6511, 6532 and 7422(a) by paying the full penalty, filing an administrative claim and waiting six months before filing this lawsuit. Dkt. #1, § IX.

The government does not challenge this court's jurisdiction to hear plaintiff's claim, but it has filed a motion to stay, dkt. #16, which is ready for review. In particular, the government seeks a stay until the United States Tax Court resolves <u>Ibeagwa v. Commissioner</u>, No. 11914-14, which is scheduled for trial in December 2015. The government relies on this court's inherent authority to stay a case pending resolution of a

---

[1] Plaintiff identifies the defendant as "United States of America Internal Revenue Service." I have amended the caption in accordance with 26 U.S.C. § 7422(f)(1) ("A suit or proceeding [for a tax refund] may be maintained only against the United States.").

1

related proceeding. Cheese Systems, Inc. v. Tetra Pak Cheese & Powder Systems, Inc., no. 11-cv-21-bbc, 2014 WL 840752, at *1 (W.D. Wis. Mar. 3, 2014) (citing Cherokee Nation of Oklahoma v. United States, 124 F.3d 1413, 1416 (Fed. Cir. 1997)).

The government says that waiting for the tax court to issue its decision will narrow the issues in this case because the two cases have overlapping issues. In the case before the tax court, plaintiff is challenging the IRS's decision to disallow his 2011 claim for fuel tax credits. Dkt. #16-1. In this case, plaintiff is challenging the IRS's subsequent determination that plaintiff's claim for fuel tax credits was frivolous.

The government says that, if the tax court finds against plaintiff, that ruling will provide a foundation for finding plaintiff's claim frivolous in this case. If the tax court finds in favor of plaintiff, the government "likely would concede that the frivolous return penalty was improperly assessed." Dft.'s Br., dkt. #16 at 4. In fact, it is likely that the government would *have* to concede that point. Plaintiff's claim for fuel tax credits is the only part of plaintiff's tax return that the government says was frivolous. Thus, if the IRS was wrong to deny the refund, then it follows necessarily that it was wrong to find that requesting the refund was frivolous. Because the government acknowledges that it would be bound by the tax court's decision, id. (citing United States v. International Building Co., 345 U.S. 502, 505 (1953)), it is difficult to see how the plaintiff could win the tax court case but lose this one.

Accordingly, I agree with the government that a decision by the court's decision could significantly narrow the issues that need to be decided in this case. Particularly because the

tax court has expertise on the issues plaintiff is raising, the overlap in the issues between the two cases counsels in favor of a stay. (Plaintiff does not say why he did not seek a refund in the tax court, but neither party suggests that plaintiff was required to do so, so I do not consider that issue.)

Other factors support a stay as well. First, this case is still in its early stages and no schedule has been set, so a stay will not disrupt the proceedings. In addition, the plaintiff's petition in the tax court is scheduled for a trial in December, so the stay should not be a long one. Finally, plaintiff does not identify any prejudice he will suffer by waiting for the tax court's decision. If the tax court fails to reach a decision in a timely manner, plaintiff is free to ask for a lift of the stay.

ORDER

IT IS ORDERED that defendant United States of America's motion for a stay, dkt. #16, is GRANTED. No later than February 1, 2016, defendant should inform this court of the status of the proceedings in tax court. If the tax court issues a decision before that date, either party may notify this court of that fact. If defendant does not respond by

February 1, 2016, I will lift the stay.

    Entered this 13th day of November, 2015.

                                     BY THE COURT:
                                     /s/
                                     BARBARA B. CRABB
                                     District Judge